UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JEFFREY HARGETT,

                          Plaintiff,

                -against-

CITY OF NEW YORK; Police Officer JAMES PASSARELLI, (Shield No. 25737); Police Officer DENNIS SAUCEDA (Shield No. 28946) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-5226 (JG)(MDG)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff JEFFERY HARGETTT ("plaintiff" or "Mr. Hargett") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendants Police Officer James Passarelli, Shield No. 25737 ("Passarelli") and Police Officer Dennis Sauceda, Shield No. 28946 at all times relevant herein, were officers, employees and agents of the NYPD. Defendant Passarelli and Sauceda are sued in their individual capacity.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 7:55 p.m. on March 20, 2013, plaintiff was lawfully in the vicinity of 2673 West 33rd Street, Brooklyn, NY.

13. Plaintiff resides at the above address, and was visiting a friend on the 7th floor of his building.

14. Plaintiff's friend was not home.

15. Plaintiff and his other friend, Roberta, walked towards the stairwell. They planned to take the steps down to plaintiff's apartment.

16. As they entered the stairwell, they were approached by the defendant officers, Sauceda and Passarelli.  The officers told plaintiff that he was not "allowed to be here."

17. Plaintiff told the officers that he lived in the building and was taking the stairs to his apartment.

18. The officers began searching plaintiff and plaintiff objected to the intrusion.

19. Despite the fact that they had no probable cause to believe that he had

committed any crimes or offenses the officers, put plaintiff in handcuffs and placed him under arrest.

20. Plaintiff was eventually taken to a police precinct.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff committing crimes and offenses.

22. At no point did the officers observe plaintiff commit any crimes or offenses.

23. From the precinct, plaintiff was given a Desk Appearance Ticket.

24. Plaintiff was subsequently arraigned in Kings County Criminal Court.

25. All criminal charges against plaintiff were ultimately adjourned in contemplation of dismissal

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

27.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     Defendants Passarelli and Sauceda violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
**False Arrest**

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Defendants Passarelli and Sauceda violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants Passarelli and Sauceda violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants Passarelli and Sauceda created false evidence against Plaintiff.

38. Defendants Passarelli and Sauceda forwarded false evidence to prosecutors in the Kings County District Attorney's office.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
**Malicious Abuse Of Process**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Defendants Passarelli and Sauceda issued legal process to place plaintiff under arrest.

43. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

44. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Failure To Intervene**

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   January 30, 2014
         New York, New York

                                    /ss/
                            Robert Marinelli
                            299 Broadway, 15th Floor
                            New York, New York 10007
                            (212) 822-1427
                            robmarinelli@gmail.com

                            *Attorney for plaintiff*